```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

DION G. WILKINS,  :  NO. 1:09-CV-00781

    Petitioner,  :

    v.  :  **OPINION AND ORDER**

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,  :

    Respondent.  :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 17) and Petitioner's Objections (docs. 19, 20). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, and therefore DENIES Petitioner's request to stay this matter and further DENIES Petitioner's petition for writ of habeas corpus.

**I. Background**

The Magistrate Judge offered a complete procedural history of this case, which the Court incorporates by reference (doc. 17). Petitioner filed his pro se Petition for a Writ of Habeas Corpus on October 28, 2009 (doc. 3). Petitioner challenges his aggregate sentence of fifteen years and four months in the Clinton County, Ohio Court of Common Pleas for two consolidated cases against him: Case No. CRI 2006-5706, charging him with three counts of trafficking in cocaine, crack and heroin in the vicinity of a juvenile, with a firearm specification, a count of having

weapons while under disability; and Case No. CRI 2006-5129, charging him with an additional count of trafficking in marijuana (doc. 17).

**II. Grounds Seven through Nine, Regarding the Composition of His Jury, His Right to Confront a Witness, and Prosecutorial Misconduct**

Petitioner raises nine grounds in his pro se petition, the last three of which he concedes were never properly exhausted in the state courts (doc. 3). Petitioner therefore asks the Court to stay his petition so as to allow him to exhaust such claims (docs. 4, 13). The Magistrate Judge found however that Petitioner no longer has any remedy in state courts to pursue, as he already exhausted the direct appeal remedy as well as the remedy of an application for reopening of the direct appeal (doc. 17). The Magistrate Judge further found that Petitioner has not made a showing of cause for and prejudice from the procedural default or that a fundamental miscarriage of justice will occur if the Court does not consider such unexhausted claims (Id. citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The Magistrate Judge concluded that the unexhausted claims should be dismissed with prejudice as waived (Id.). The Court agrees and therefore DENIES Petitioner's requests for a stay of the instant action (docs 4, 13), and finds Ground Seven through Nine waived.

**III. Ground One, Fourth Amendment Claims**

Petitioner alleges in Ground One that the trial court

erred in failing to suppress evidence he claims was obtained in violation of his rights under the Fourth Amendment and the Ohio Constitution (doc. 3).  The Magistrate Judge found that 1) Petitioner's claim of a violation of Ohio's Consitution is not cognizable in this federal habeas proceeding, as any such claim would turn on a perceived error of state law, and 2) Petitioner's Fourth Amendment claim is barred under Stone v. Powell, 428 U.S. 465, 494-95 (1976)(federal habeas courts are prohibited from reaching the merits of a Fourth Amendment claim by a state prisoner if the prisoner had a  full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective process)(doc. 17).  The Court agrees with the Magistrate Judge's analysis.

**IV.  Ground Two, Consolidation of Petitioner's Cases**

In Petitioner's second ground, he contends the trial court erred when it denied his motion to sever the two cases against him which were consolidated for trial (doc. 3).  The Magistrate found Respondent's argument with merit that Petitioner waived the claim in Ground Two due to noncompliance with a state procedural rule, which required Petitioner's counsel to renew the motion to sever at the close of the state's case or at the close of all the evidence (doc. 17).  Because such noncompliance with the state rule was an adequate and independent state ground for the Ohio Court of Appeals, and because Petitioner has not provided any

3

cause for his default or shown the failure to consider the defaulted claim will result in a miscarriage of justice, the Magistrate Judge concluded Petitioner's claim is barred from review and subject to dismissal with prejudice. The Court agrees.

**V. Ground Three, Sufficiency and Weight of Evidence**

Petitioner alleges in Ground Three that the jury's verdicts on guilt on the firearm specifications as well as its finding that the trafficking offenses charged in Case No. CRI 2006-5076 were committed in the vicinity of a juvenile, were not supported by sufficent evidence and/or were against the manifest weight of the evidence (doc. 3). The Magistrate Judge found the Court is precluded from granting relief based on a contention that the verdicts of guilt are against the manifest weight of the evidence, as such a claim is not cognizable in a habeas proceeding (doc. 17). However, the Magistrate Judge reviewed Petitioner's sufficiency of evidence claim, as it triggers a due process issue subject to review on the merits (Id). The Magistrate Judge noted that the Supreme Court's decision Jackson v. Virginia, 443 U.S. 307 (1979), governs such review, and provides that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (Id. quoting Jackson, 443 U.S. at 319). The Magistrate Judge found evidence in the record showing two young children were

4

residing in the apartment where significant amounts of different illegal drugs were found, and Petitioner does not dispute that sufficient evidence was presented at trial linking him to the drugs (Id.). The Magistrate Judge further found a receipt in Petitioner's wallet, as well as a store surveillance video, showed Petitioner purchased ammunition for the firearms found in the apartment (Id.).

The Magistrate Judge concluded the state appellate court's determination that the evidence was sufficient as a matter of due process to support petitioner's convictions is neither contrary to nor involves an unreasonable application of Jackson , and is not based on an unreasonable determination of facts in light of all the evidence presented at trial (Id.).

**VI. Ground Four, Imposition of Consecutive Sentences**

In Ground Four, Petitioner alleges the trial court erred when it imposed consecutive sentences on all counts in the consolidated cases (doc. 3). To the extent that such question is a matter of state law, the Magistrate Judge found it is not cognizable in a habeas proceeding (doc. 17). As for any constitutional claim, the Magistrate Judge found consecutive sentences clearly pass muster under Oregon v. Ice, 129 S.Ct. 711, 717-20 (2009). Moreover, as the trial court sentenced Petitioner within the statutory range for each offense after considering the relevant factors, the Magistrate Judge found Petitioner is unable

5

to prevail on any Eighth Amendment claim (Id.).

**VII. Grounds Five and Six, Ineffective Assistance of Counsel**

The Magistrate Judge found it appropriate to address the ineffective assistance of counsel claims which were properly presented to and considered by the state courts on review of Petitioner's reopening application (doc. 17). In applying the two-part standard of Strickland v. Washington, 466 U.S. 668 (1984), the Magistrate Judge stated Petitioner must show his counsel's representation fell below an objective standard of reasonableness, and that such deficient representation prejudiced Petitioner (Id.). The Magistrate Judge found that Petitioner could not demonstrate a reasonable probability that the result of his direct appeal proceeding would have been different (Id.). Because the state appellate court found the police had probable cause to arrest Petitioner when he arrived at the apartment, and because evidence of his prior criminal record was admissible to establish an element of the count charging him with having weapons under a disability, the Magistrate Judge reasoned there would not have been a change in outcome, even had Petitioner's counsel addressed such points in the manner desired by Petitioner (Id.). As such the Magistrate Judge found Petitioner not entitled to habeas relief based on the claims alleged in Grounds Five and Six of the Petition (Id.).

**VII. Discussion**

6

Petitioner focuses his Objections (docs. 19, 20) on the issues of the sufficiency of the evidence against him, and on the reasonableness of the search made of his person after he was called home by his girlfriend at the time, and found himself facing police officers.  Petitioner also claims he is legally incompetent under Ohio law (doc. 20).

As an initial matter, Petitioner in no way addresses the Magistrate Judge's reasoning as to Petitioner's waiver of grounds seven through nine, as to the adequate and independent state law grounds principles applicable to ground two, as to the legal correctness of imposition of consecutive sentences here, nor as to the lack of basis for ineffective assistance of counsel claims. The Court finds the Magistrate Judge's reasoning as to each of these issues correct and unchallenged.

As for the propriety of the search of his person, and the fact that he was called home to face authorities, all such questions relate to the reasonableness of police action and the potential for suppression of evidence.  Petitioner had a full and fair opportunity to raise such questions, and essentially did, at his state court suppression hearing.  The state court denied Petitioner's motion to suppress on November 9, 2006.  Petitioner in no way addresses the Magistrate Judge's reasoning that his Fourth Amendment claim is barred under Stone v. Powell, 428 U.S. 465, 494-95 (1976).  Petitioner seeks to revisit the substance of

7

his Fourth Amendment claims, when this court is prohibited from doing so in a habeas proceeding.

The Court further finds that Petitioner's objections as to the sufficiency of the evidence fail to show how the applicable <u>Jackson</u> standard was not met in this case. The Court finds that a rational trier of fact could indeed find the essential elements of the crimes charged against Defendant beyond a reasonable doubt. A rational trier of fact seeing a receipt for ammunition linking Petitioner to the guns at issue, believing testimony of his ex-girlfriend, knowing Petitioner was linked to the drugs and had drugs on his person, and seeing the evidence that two young children lived in the apartment, could come to the conclusions arrived at here. Petitioner's citation to other Ohio cases (doc. 20) regarding constructive gun possession in no way shows how the result achieved in his case is inconsistent with the <u>Jackson</u> standard. Finally, the Court finds no evidence that Petitioner is or was incompetent, but in any event, such issue was never exhausted, and while framed as a question of Ohio law, is not cognizable in this proceeding.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects, DENIES Petitioner's requests (docs 4, 13) that this matter be stayed so that he can exhaust the claims alleged in Grounds Seven through Nine, and DENIES WITH PREJUDICE Petitioner's Petition for Writ of

8

Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (doc. 3).

The Court further finds that a certificate of appealability should not issue with respect to the claims alleged in the petition, which the Court has concluded are waived and thus procedurally barred from review, because under the two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings.

In addition, a certificate of appealability should not issue with respect to the Fourth Amendment claim alleged in Ground One of the Petition, which is not cognizable under Stone v. Powell 428 U.S. 465, 494-95 (1976), or with respect to any of Petitioner's claims that were addressed on the merits herein, except for Petitioner's claim alleged in Ground Three that the evidence was insufficient to establish his guilt on the firearm specifications attached to the three trafficking counts in Case No. CRI 2006-5706. A certificate of appealability should issue for consideration of that one claim of constitutional error because, in contrast to Petitioner's other grounds for relief, reasonable jurists could debate whether the sufficiency of evidence claim should have been resolved in a different manner; moreover, the issues presented in that claim are "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 323-324 (2003)(quoting Slack, 529 U.S. at 483-84)(in turn quoting Barefoot

9

v. Estelle, 463 U.S. 880, 893 n.4 (1983)); 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b).

Finally, with respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would be taken in good faith, and therefore GRANTS Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity.  Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


SO ORDERED.


Dated: February 8, 2011        /s/ S. Arthur Spiegel
                                                    S. Arthur Spiegel
                                                    United States Senior District Judge